## Fow's Estate.    Fow's Appeal.

*Wills—Issue devisavit vel non—Testamentary capacity.*

An issue devisavit vel non is properly refused where the evidence presented by the contestants alone shows that the only weakness of mind complained of was confined to rambling conversations, instances of forgetfulness, absent-mindedness, amorous remarks about women, profanity, and abuse of car conductors while intoxicated.

Argued Jan. 11, 1892. Appeals, Nos. 346, 375 and 458, Jan. T., 1891, by Oscar A. Fow, Francis G. Fow and Edward A. Fow from decree of O. C. Philadelphia Co., dismissing appeal from Register of Wills. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS McCOLLUM, MITCHELL and HEYDRICK, JJ.

Appeal by Oscar A. Fow, Francis G. Fow and Edward A. Fow from decision of the Register of Wills admitting to probate the will of George Fow, deceased. The case was referred to an examiner and a large amount of testimony was taken. HANNA, P. J., filed the following opinion:

"After careful examination of the testimony we are satisfied the register was clearly right in refusing the issue prayed for. And from evidence presented by the caveators alone, it sufficiently appears that a verdict against the validity of the will and codicils should not be permitted to stand. It would therefore be a purposeless burden to cast upon the court of common pleas the trial of an issue unsupported by proper testimony, and unjust to impose upon the parties, caveators and proponents, the vexation, annoyance, and expense of a litigation based upon so slight a foundation. It is unnecessary to recapitulate all the facts appearing from the many pages of testimony. And from all that is said by the witnesses for the caveators, there is not a scintilla of either mental incapacity or undue influence. It is very evident neither would be sug-

gested except for the disappointment and chagrin of one of the caveators, the son of testator, who supposed he was named as an executor of his father's will. The testator, although approaching fourscore years, was a man possessed of remarkable physical strength and mental vigor ; and but a few years prior to his death, relinquished the business he had theretofore successfully conducted, to his son, who now complains of the preference shown his sisters. To quote the language of John S. Major, a witness for the contestants, who had been intimately acquainted with testator for more than forty years prior to his death, carried on the same business and was a near neighbor, ' He was a right shrewd business man,' and he thought he always 'had pretty good judgment in business matters ; ' and when asked, ' He was a pretty determined old man, was he not ? ' answered, ' Well, he appeared to be ; ' and ' When he took a notion about a thing he would have his own way ? ' replied, ' I judge he was a man of that kind.' And the weakness of mind complained of seems to be confined to rambling conversations, which scarcely approach the dignity of the garrulousness of old age ; instances of forgetfulness, absent-mindedness, amorous remarks about women, profanity and abuse of car conductors when his fare was demanded, or at the slow rate of travel, on which occasions he had indulged too freely in intoxicating liquor. That he possessed ample testamentary capacity, however, cannot well be doubted. The testimony upon this point is clear and convincing. This, at the date of prior wills with whose provisions they were satisfied, was admitted by caveators. And the testimony shows unmistakably that the latest testamentary papers were the voluntary, free and uncontrolled acts of the testator, prepared by his conveyancer according to directions received privately from him when in the enjoyment of good health, and in the possession of all his faculties ; and as to the final codicil, this was executed as the result of the ministrations of his spiritual adviser. With this the caveators cannot well find fault.

" We are equally at a loss to discover evidence of undue influence exercised by the daughters of testator. After the death of his wife they were his natural caretakers and equally dependent upon him. Two were unmarried, and no longer of youthful age. While testator was irascible, and at times pro-

fane and abusive towards his daughters, all his testamentary papers show they were the principal objects of his bounty. From their condition in life, and especially that of his unmarried daughters, it is most natural his chief anxiety would be their maintenance and support after his death; the more so, that he also provided for his sons, to one of whom he had previously relinquished his business, as before stated, and he may therefore have well supposed they would be able to earn their own livelihood.

" What is said by Chancellor KENT in Van Alst v. Hunter, 5 Johnson Ch. 160, has especial appropriateness to this case, and was aptly quoted by our brother ASHMAN in Tarr's Estate, 44 Legal Intell. 145, to which the matter now before us is strikingly analogous. Our conclusion therefore is that upon the whole evidence a verdict against the validity of the will and codicils ought not to be allowed to stand. This being the case, the issue must be refused: Boyer's Will, 13 Phila. 254; Wainwright's Ap., 89 Pa. 220; Harrison's Ap., 100 Id. 458; Eddey's Ap., 109 Id. 406; Knauss's Ap., 114 Id. 10; Herster v. Herster, 122 Id. 239.

The decision of the register in refusing the issue is affirmed, and he is directed to admit to probate the will of testator, dated Oct. 4, 1890, and the two subsequent codicils."

Contestants appealed.

*Error assigned* was the dismissal of appeal.

*Edward A. Anderson* and *F. Carroll Brewster*, for appellants, cited Schwilke's Ap., 100 Pa. 628; Knauss's Ap., 114 Pa. 10; Herster v. Herster, 116 Pa. 612.

*Joseph M. Pile*, *Richard P. White* and *Charles J. Sharkey*, with him, for appellees, cited Sharp's Ap., 134 Pa. 492; Cardwell's Est., 28 W. N. C. 291.

PER CURIAM, January 25, 1892.

We quite agree with the learned judge of the orphans' court that the register was right in refusing the issue prayed for, and that, from the evidence presented by the caveators alone, it sufficiently appears that a verdict against the validity of the will and codicils should not be permitted to stand. The issues, that the testator had not sufficient testamentary capacity, and that his will was the result of undue influence, are not sustain-

ed by the evidence. There was, at most, but a scintilla, not sufficient to sustain a verdict against the will. A discussion of some 300 pages of testimony would be as uninteresting as useless.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.